OPINION
Appellant Michael A. Dejaneiro appeals a judgment of the Stark County Common Pleas Court convicting him of burglary (R.C. 2911.12)(A)(1)):
 ASSIGNMENTS OF ERROR ASSIGNMENT OF ERROR I APPELLANT'S CONVICTION ON ONE COUNT BURGLARY IS AGAINST THE MANIFEST WEIGHT AND SUFFICIENCY OF THE EVIDENCE.
 ASSIGNMENT OF ERROR II THE TRIAL COURT ERRED IN IMPOSING THE MAXIMUM POSSIBLE SENTENCE.
Dora Craig, a seventy year-old grandmother, lived with her daughter, Cora Khune, in Canton. On August 27, 1999, Craig was doing laundry in the basement, while Khune getting ready to bathe her grandchildren. Craig came upstairs, and found appellant standing by the stereo. Thinking he might be a friend of one of her grandsons, Craig asked appellant his name. Appellant replied by muttering something she could not understand. Craig repeatedly asked appellant who he was, but appellant would not respond, and instead made his way toward the door. Craig saw appellant shove something down his pants as he was backing toward the door. As appellant was backing out of the house, Khune came downstairs to find her mother talking with appellant. Khune called out to appellant, who ignored her, and continued out the door. Khune told her mother not to follow him, and called the police. The two women noticed that two CD's, containing music by Maverick and Confederate Railroad, and an ACDC audio cassette were missing. Both CD's had labels on them identifying them as "Bill and Coco's." Both women described appellant as wearing a red shirt and dark pants, short in stature, with a crew cut, and carrying a white plastic grocery bag. The call went over the police radio, giving the location of the crime and a description of the suspect. Canton Police officer Anthony Jackson proceeded to the area within several minutes, and noticed appellant walking approximately two blocks from the residence. Appellant was not wearing a shirt, but was wearing blue jeans, had a crew cut, and was carrying a white plastic bag. Officer Jackson stopped appellant and questioned him. Appellant mumbled his response. Officer Jackson noticed that appellant had a red T-shirt balled up on top of the grocery bag. The officer also noticed two CD's and a cassette tape. The CD's had the identification label "Bill and Coco's" on them. Appellant was arrested, and two officers took him to the Craig-Khune residence. Upon arriving at the residence, the officers interviewed the women, and asked them to come outside to identify a possible suspect. Both women identified appellant immediately as the person they encountered in the house. After identifying appellant, the women identified the CD's and the cassette. Appellant was indicted by the Stark County Grand Jury with one count of burglary. The case proceeded to jury trial in the Stark County Common Pleas Court. The jury found appellant guilty as charged. Appellant was convicted, and sentenced to a determinate term of incarceration of eight years, the maximum sentence for a felony of the second degree.
 I
Appellant argues that the judgment was not supported by sufficient evidence, and that the verdict is against the manifest weight of the evidence. Both claims focus primarily on the identification evidence, claiming that the identification of appellant by both women is unreliable. Appellant did not file a motion to suppress on the grounds that the identification procedure used by the police was unduly suggestive, and does not challenge the failure to file such motion on appeal. Appellant was convicted of burglary: No person, by force, stealth, or deception, shall do any of the following: (1) Trespass in an occupied structure or in a separately secured or separately occupied portion of an occupied structure, when another person other than an accomplice of the offender is present, with purpose to commit in the structure or in the separately secured or separately occupied portion of the structure any criminal offense;
R.C. § 2911.12(A)(1)
With respect to sufficiency of the evidence, sufficiency is a term of art, meaning the legal standard applied to determine whether the case may go to the jury, or whether the evidence is legally sufficient to support the verdict as a matter of law. State v. Thompkins (1997), 78 Ohio St.3d 380, 386. Sufficiency is a test of adequacy, and whether the evidence is legally insufficient to sustain a verdict is a question of law. Id. at 386-87. A conviction based on legally insufficient evidence constitutes a denial of due process. Id. In the instant case, sufficient evidence was presented to permit the trier of fact to conclude that appellant committed the offense of burglary beyond a reasonable doubt. Appellant argues that both women described the burglar as taller than appellant. Appellant additionally argues that the shirt he was wearing had Taco Bell lettering, and was not a plain red shirt as described by the women. Further, Craig identified the burglar as 18 to 20 years old, when in fact he is 40 years old. Khune described the burglar with a scar on his face, while appellant has no scar on his face. However, both women identified him as short in stature, although misjudging his height by several inches. The women testified that he was taller than they were, and both women agree they are not good at estimating exact height. Cora Khune had the opportunity to view appellant for approximately one minute while he was in the house, backing through the door. When she saw appellant 20 minutes later in the police cruiser, she was able to identify him facially. Dora Craig observed appellant, but was unable to view his face in the home. However, she was able to identify him in the cruiser by his general stature and build. Appellant was not wearing a shirt when they viewed him in the cruiser; therefore, the red shirt did not enter into the identification. The women could not see his pants, as he was sitting in the cruiser. Appellant had a crew cut, as described by the women. Finally, appellant matched the general description of the suspect provided to police by the women, and was carrying a white grocery bag containing a red shirt and the stolen CD's and cassette tape minutes after the reported theft, only two blocks away. This evidence was sufficient, if believed by the jury, to convict appellant of burglary. In considering a claim that a judgment is against the weight of the evidence, we must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses, and determine whether when resolving conflicts in the evidence, the jury lost its way. Id. at 387. The discretionary power to grant a new trial should be exercised only in the exceptional case where the evidence weighs heavily against conviction. Id. Appellant argues that there are discrepancies between each of the women's testimony concerning the description of appellant. However, both women agreed that the suspect was short man, who was taller than they were. Appellant meets this description. In addition, Khune testified that she thought the suspect had a scar on the right side of his face, but maintained at trial that this was lump on the right side of appellant's face, which was partially obscured by his unshaven appearance on the day of the crime, leading her to think it was a scar. Appellant was described as wearing a red shirt and dark pants. When apprehended by the police, appellant was wearing blue jeans, and was carrying a red shirt. He was apprehended several minutes after the offense, two blocks away from the house, with the stolen items in his possession. The jury's verdict is not against the manifest weight of the evidence. The first assignment of error is overruled.
 II
Appellant argues that the court did not consider the sentencing factors set forth in R.C. 2929.12 (B)-(E), in sentencing him to the maximum sentence. He argues the court erroneously applied the standard of "greatest likelihood" to commit crimes in the future, found in R.C. 2929.14 (C). At the sentencing hearing, appellant's criminal record was disclosed to the court. In addition to the instant offense, appellant had prior convictions of misdemeanor theft, breaking and entering, robbery, grand theft, and aggravated burglary. He was under supervision at the time of the instant offense. The court stated on the record that appellant had previously been sentenced to state prison, and the offense was committed while he was still under state supervision. The court found that he had not responded to prior sanctions, has shown no remorse for the instant offense, and posed a great likelihood of recidivism and future criminal activity. The court concluded that the seriousness of the instant offense was such that punishment must be tailored to deter not only appellant, but others from committing future crime. The court concluded that there was a high likelihood that if appellant did not receive the maximum sentence, he would commit future crimes, and has the greatest likelihood of recidivism based upon his prior experience with the criminal justice system. The court further found that the offense involved breaking into a home while the individuals who lived in the home were present, and it would demean the seriousness of the offense if appellant did not receive the maximum sentence. T. (2) 262-263. R.C. 2929.14 (C) provides that a court may impose the longest prison term authorized for an offense only upon offenders who have committed the worst forms of the offense, upon offenders who pose the greatest likelihood of committing future crimes, upon certain major drug offenders, and upon certain repeat violent offenders. The statute is written in the disjunctive; therefore, the court need only find that the offender qualifies for one of the criteria before imposing the maximum sentence. In this case, the record supports the finding that appellant posed the greatest likelihood of recidivism. Appellant had been convicted of five prior theft related offenses, and had not responded to past treatment in the criminal justice system. Appellant has clearly demonstrated a proclivity for theft offenses by his conduct over the years. Appellant also argued that the court failed to consider the factors set forth in R.C. 2929.12. The trial court's sentencing entry recites that it reviewed the provisions of R.C. 2929.12. Further, a review of the court's findings indicate that the court reviewed the evidence with these factors in mind. Much of the court's review dealt with appellant's prior criminal record, which are relevant factors pursuant to R.C. 2929.12 (D) and (E). The court focused on appellant's lack of remorse, which again is a factor of recidivism pursuant to these sections. Pursuant to R.C.2929.12 (B), the court noted the particular harm caused when a person's home is violated by intrusion. It is apparent that the court considered the applicable statutory factors in rendering its sentence. The second assignment of error is overruled.
The judgment of the Stark County Common Pleas Court is affirmed.